UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY KENDALL,

          Plaintiff,

v.                                                                 Case No. 6:17-cv-1888-Orl-37GJK

BOSTON SCIENTIFIC
CORPORATION,

          Defendant.
_____

## ORDER

In the instant action, Defendant moves to dismiss Plaintiff's Complaint. (Doc. 4 ("**Motion**").) Defendant asserts that the Complaint: (1) is an impermissible shotgun pleading; (2) fails to allege a plausible claim for relief; and (3) does not satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b) as applicable (*Id.* at 2), and Plaintiff opposed (Doc. 13). As explained below, the Court finds that the Complaint is due to dismissed as a shotgun pleading.

### I.    LEGAL STANDARDS

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum, such filings must: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances;" and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06. When a plaintiff fails to follow Rules 8 and 10, the result is an impermissible shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

The "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegation of all preceding counts." *Weiland*, 792 F.3d at 1321. Shotgun pleadings also may "begin with a long list of general allegations" that are "incorporated by reference into each count of the complaint." *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting the "all-too-typical shotgun pleading" where the first paragraph of each count "incorporates by reference" all of the factual allegations).

The U.S. Court of Appeals for the Eleventh Circuit warns that actions founded on shotgun pleadings should not be permitted because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Chapman AI Trans.*, 229 F.3d 1012, 1027 (11th Cir. 2000) ("We have frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand . . . ."). Heeding this warning, when confronted with a shotgun complaint, district courts must require the party to replead. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing district court for failing to police shotgun pleadings); *Starship Enters. of Atlanta,*

*Inc. v. Coweta Cty. Ga.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013) (explaining that shotgun pleadings may constitute "an abusive tactic" of litigation).

## II. ANALYSIS

The 43-page Complaint includes 222 numbered paragraphs. (Doc. 2.) Paragraphs 19 through 40 set out general factual allegations, while paragraphs 41 through 57 are "Plaintiff Specific Factual Allegations." (*Id.* ¶¶ 19–57.) Paragraphs 70 through 222 are divided into twelve counts, eleven of which Plaintiff "repeats, reiterates, and re-alleges each and every allegation contained" in the Complaint. (*Id.* ¶¶ 70, 81, 96, 102, 129, 146, 157, 165, 183, 203, 219.) This is impermissible. So the Court finds that Defendant has justifiably complained about having to respond to Plaintiff's shotgun allegations. (Doc. 4.) Thus, Plaintiff must replead.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendant Boston Scientific's Motion to Dismiss Memorandum of Law in Support (Doc. 4) is **GRANTED**.

(2) The Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

(3) On or before **December 18, 2017**, Plaintiff may file an Amended Complaint that remedies the deficiency identified in this Order.

(4) Failure to file a timely amended pleading will result in closing of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 6th 2017.



Copies to:

Counsel of Record